IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER KNOX                                                                                      PLAINTIFF

      v.                              Civil No.  15-5006

NURSE RHONDA BRADLEY, et al.                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Plaintiff is currently incarcerated in the Grimes Unit of the Arkansas Department of Correction.  At the times relevant to this complaint, Plaintiff was incarcerated in the Washington County Detention Center (WCDC).  The case is currently before me on the Motion to Dismiss (Doc. 58) filed by Separate Defendant Southern Health Partners and Plaintiff's Response (Doc. 71) thereto.

### 1.  Background

As relevant to the Motion to Dismiss, Plaintiff alleges that while detained at the WCDC, he was denied and delayed proper medical care and mental health care by Southern Health Partners and its employees, Dr. Roberto Saez, Nurse Teresa Lee, Nurse Rhonda Bradley and Nurse Kristin.  Plaintiff states that he is suing Southern Health Partners in its official capacity only.  (Doc. 48 at pg. 7.) Southern Health Partners moves to dismiss Plaintiff's claims against it, arguing that Plaintiff has failed to allege any facts to support an official capacity claim against it.

### 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on

its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Discussion

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Washington County has contracted with Southern Health Partners to provide healthcare to County prisoners. For this reason, the official capacity claims are treated as claims against Southern Health Partners. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." Moyle v. Anderson, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

In a Supplement to his Amended Complaint, Plaintiff alleges that Dr. Saez changed or discontinued certain of his mental health medications and that he suffered withdrawals and "numerous mental health conditions" as a result. (Doc. 49 at pgs. 1-2.) Plaintiff further alleges that Dr. Saez stated that "policies prevent certain use of medications," and asserts that "these policies of Southern Health Partners, Inc. treat detainees as if they should not be treated fairly or equally to persons not incarcerated." (Doc. 49 at pg. 3.) In his Response to the Motion to Dismiss, Plaintiff asserts that Dr. Saez "refused to treat Plaintiff's medical complaints because certain medications were prohibited by Southern Health Partners." (Doc. 71.) The undersigned believes that Plaintiff's allegations that Southern Health Partners had a policy prohibiting the administration of certain mental health medications, causing him to suffer withdrawals and other adverse conditions are sufficient, at this stage of the litigation, to state a plausible official capacity claim against Southern Health Partners. Cf. Lyons v. Heyd, 2015 WL 892375, *4 (S. D. Ohio March 3, 2015) (inmate met his burden of showing a custom or policy of the municipality of not permitting inmates to receive narcotics for any medical condition); Mellender v. Dane County, 2006 WL 1982522, *5 (W. D. Wis. July 13, 2006) (same).

**4. Conclusion**

Based on the foregoing, the undersigned recommends that the **Motion to Dismiss (Doc. 58)** filed by Separate Defendant Southern Health Partners be **DENIED**.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5TH day of October, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE